[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO PRIORITY BETWEEN A SECURITY INTEREST AND CT Page 7885 A PREJUDGMENT REMEDY
FACTS
After the plaintiff obtained a prejudgment remedy (PJR against the defendant, Capital Distributing Company (Capital) the intervening defendants, Nicholas Karabots and Capital Publisher Services, Inc. (CPS), moved to enjoin the plaintiff from attaching Capital assets in which they claimed to have prior security interests.
The plaintiff filed its motion for a PJR on November 14 1991. After extensive hearings, arguments and briefs, the court granted the plaintiff's motion on May 6, 1992. The intervening defendants then filed their injunction request and presented evidence that on May 1, 1990, CPS obtained a security interest from Capitol in the amount of $1,775,000.00. The U.C.C. financing statement was filed on that same date. While $225,000.00 was paid on this original obligation, at the time of the hearing on the injunction (July 14, 1992), the total indebtedness, and security interest, as modified by amendments to the security agreement, had reached $10,000,000.00.
The plaintiff's brief makes two arguments:
 1. That CPS has a security interest valid only for $1,775,000.00 since it did not file supplemental financing statements to secure the additional advances and
 2. The security interest of Mr. Karabots is valid only for the amount that was advanced before the plaintiff's application for a PJR was filed.
The plaintiff has apparently abandoned the argument made at the close of the hearing. That claim was to the effect that the intervening defendants had no valid security interest as to the plaintiff because the plaintiff was not advised that when Capital purchased the business assets of the plaintiff on May 1, 1990 those assets would be pledged to Karabots and/or CPS.
 I.
The security interest of CPS dates from May 1, 1990, and that of Mr. Karabots from May 23, 1991, the dates on which the respective financial statements were first filed.
Future advances are addressed by the U.C.C. Section CT Page 788642a-9-312 (7) of the Conn. General Statutes provides:
 If future advances are made while a security interest is perfected by filing, . . . the security interest has the same priority for the purposes of subsection (5) with respect to the future advances as it does with respect to the first advance. If a commitment is made before or while the security interest is so perfected, the security interest has the same priority with respect to advances made pursuant thereto. In other cases a perfected security interest has priority from the date the advance is made.
That future advances are protected and secured has been generally recognized. The defendants quote one authority:
 The 1972 version [of the U.C.C.] makes it clear that future advances made or committed while the security interest is perfected receive the same priority as the initial security interest. Accordingly, the [new section 9-312 (7)] clearly provides that the perfected secured party making future advances is protected against, and has a priority over, intervening secured parties.
2 Thomas M. Quinn, Quinn's Uniform Commercial Code Commentary and Law Digest, 9-312[A][3][f] (1991).
Priorities among security interests relating to the same collateral are addressed by 42a-9-312 (5), referred to above.
 In all cases not governed by other rules stated in this section, . . . priority between conflicting security interests in the same collateral shall be determined according to the following rules:
 (a) Conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time a filing is first made covering the collateral or the time the security interest is CT Page 7887 first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.
 (b) So long as conflicting security interests are unperfected, the first to attach has priority.
Since the PRJ in favor of the plaintiff did not issue until May 6, 1992, both the CPS and Karabots security interests had priority over it and this priority included the advances made on subsequent dates.
 II.
The court is unable to find any legal basis for the plaintiff's second claim that the security interest advances are only secured up to the time of the plaintiff's filing for a PJR.
To suggest that once the plaintiff filed his application the provisions of the U.C.C. became inoperative is an absurd proposition which would create a shambles in the commercial area. The U.C.C. is premised and organized upon and around public filings. The plaintiff would accord to the single filing of an application for a PJR an awesome result.
CONCLUSION
The motion of the intervening defendants to enjoin the plaintiff from attaching the assets covered by the described U.C.C. security interests is granted.
Counsel for the defendants shall prepare an order addressing this subject matter for the court's signature.
Anthony V. DeMayo, Judge